liAMY, Judge.
The defendant entered a plea of guilty to the charge of distribution of cocaine and, pursuant to a plea agreement, received a sentence of seven years at hard labor. The defendant appeals and argues that this sen *749 tence is excessive. For the following reasons, we affirm.
Factual and Procedural History
The defendant in this matter, Dannie Lee Broussard, was charged by bill of information with one count of distribution of cocaine, a violation of La.R.S. 40:967. Although he initially pled not guilty to the charge, the defendant withdrew this prior plea on May 13, 1997, and entered a plea of guilty as charged. This plea was entered pursuant to a plea agreement wherein the defendant agreed to a cap of ten years, to run concurrently with any other sentence being served. At the plea hearing, the State offered the following factual basis for the plea:
Your Honor, the State would have proven at trial on October 2nd of 1996 police officers were conducting an undercover narcotics operation |2in or around the area of the 200 block of Justin Street in Lafayette when the defendant approached the undercover police officer in the undercover police officer’s vehicle and distributed or sold to her two (2) pieces of crack cocaine in exchange for forty dollars ($40.00) cash, and while doing so identified himself as Dannie. And that was in Lafayette Parish.
On October 8, 1997, the trial court sentenced the defendant to seven years at hard labor. The sentence was ordered to run concurrently with any other sentence he was serving. Further, the trial court recommended that the defendant serve in the IMPACT program. Although the defendant filed a Motion to Reconsider Sentence, this motion was denied by the trial court.
The defendant now appeals his sentence.
Discussion
Excessiveness of the Sentence
In his sole assignment of error, the defendant argues that the trial court imposed an unconstitutionally excessive sentence and, further, failed to adequately articulate the reasons for the sentence imposed. In particular, the defendant states, in brief, that he had “led a relatively trouble free life until becoming addicted to cocaine.” Furthermore, he alleges that a sentence of seven years is excessive since he was arrested for selling only forty dollars worth of crack cocaine.
As previously explained, the defendant entered into a plea agreement, wherein he agreed to plead guilty to distribution of cocaine in exchange for a sentencing cap of ten years, to run concurrent with any other sentence he was serving. Pursuant to the agreement, the trial court sentenced the defendant to seven years at hard labor. The sentence was to run concurrently with any other sentence being served.
IsLa.Code Crim.P. art. 881.2(A)(2) provides as follows:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
Thus, review of a sentence imposed pursuant to a plea agreement is limited. As explained by the Louisiana Supreme Court in State v. Young, 96-0195 (La.10/15/96); 680 So.2d 1171, Article 881.2(A)(2) applies to plea agreements involving both specific sentences and sentencing caps.
The plea agreement in this matter, a sentencing cap of ten years, to run concurrently with any sentence being presently served by the defendant, was set forth in the record at the time of the defendant’s plea. Furthermore, the defendant received a sentence within the cap agreed upon. Thus,-the defendant is precluded from seeking review of his sentence on appeal.
This assignment lacks merit.[1]
DECREE
For the foregoing reasons, the defendant’s sentence is affirmed.
AFFIRMED.

. In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Our review reveals no such errors.